UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:16-CV-00836-TBR

I.T. PRODUCTIONS, LLC,                                                                      PLAINTIFF

v.

DOES 1–11,                                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Take Limited Discovery Prior to Rule 26(f) Conference. For the reasons that follow, Plaintiff's motion, [DN 8], is **GRANTED**.

### BACKGROUND

This is a copyright infringement action related to Defendants' alleged infringement of Plaintiff's registered copyright in the movie *I.T.*, which was released in the United States in September 2016. [DN 1 at 1–2 (Complaint).] Plaintiff alleged that the Defendants, who it identifies as Does 1–11, (the "Doe Defendants"), used a peer-to-peer file sharing program called BitTorrent to distribute Plaintiff's copyrighted material. [*Id.* at 3.] The Doe Defendants "are currently known only by their Internet Protocol ("IP") addresses, which were observed by Plaintiff's investigator . . . as distributing Plaintiff's motion picture." [*Id.*] As a result, in the instant motion, Plaintiff seeks to conduct limited discovery prior to the Rule 26(f) planning conference to determine the identities and contact information of the Doe Defendants. [DN 8-1 at 2–3 (Motion for Leave to Take Limited Discovery).]

STANDARD

Rule 26(d) provides, initially, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(1). However, the Rule goes on to identify an exception for discovery "authorized . . . by court order." Fed. R. Civ. P. 26(1). District courts within the Sixth Circuit "require a showing of good cause in order to authorize expedited discovery." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2714, 2015 WL 12732840, at *1 (S.D. Ohio Aug. 19, 2015) (citing *Tesuco Holdings Ltd. v. Does 1-12*, 2012 WL 6607894 (E.D. Tenn. December 18, 2012)). *See also Woodward v. Chetvertakov*, No. 2:13-CV-11943, 2013 WL 5836219, at *1 (E.D. Mich. Oct. 30, 2013) ( "In deciding whether to permit discovery in advance of the Rule 26(f) conference, the Court should evaluate whether good cause exists.") (citation omitted).

"Good cause may be found based upon '(1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward.'" *Manny Film, LLC v. Doe*, No. 2:15-CV-1053, 2015 WL 12732854, at *1 (S.D. Ohio Mar. 27, 2015) (quoting *Best v. Mobile Streams, Inc.*, No. 1:12-CV-564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012)). In addition, "[c]ourts . . . look to whether evidence would be lost or destroyed with time and whether the proposed discovery is narrowly tailored." *Id.* (citing *Best*, 2012 WL 5996222, at *1).

DISCUSSION

Plaintiff wishes to serve Rule 45 subpoenas on Comcast, the Internet Service Provider for each of the eleven Doe Defendants, so that it may obtain the subscriber names and contact

information for each of the Doe Defendants. In determining the appropriateness of conducting such early discovery in a similar case, one court explained:

> In granting expedited discovery in BitTorrent cases, courts have found several factors significant. One such factor is the specificity with which the defendants have been identified, including the assigned IP addresses, the date and time of the alleged illegal download, the hash identifier of the downloaded file, the ISP, and the location of the IP address. Also significant are the steps taken by the plaintiff to locate and identify the Doe defendants. Further, courts have looked to whether the elements of a copyright infringement claim have been pled. Courts also have considered whether the proposed discovery seeks information likely to lead to information which would allow a plaintiff to effectuate service on the defendants. Finally, courts have considered the likelihood of prejudice to any alleged infringers.

*Manny Film, LLC*, 2015 WL 12732854, at *2 (S.D. Ohio Mar. 27, 2015) (citing *Vision Films Inc. v. Does 1-20*, No. 3:12-CV-643, 2013 WL 1385203, at *2 (E.D. Tenn. Apr. 3, 2013)). Here, Plaintiff has identified the Doe Defendants in detail. Specifically, Plaintiff attached to its Complaint a list of each Doe Defendant's IP address, the location of each IP address, the date and time at which the illegal downloads allegedly occurred, the file names that were downloaded, the "hash identifier" of the download, and the Internet Service Provider for each Defendant (Comcast). [DN 1-2 at 2–4.] Moreover, Plaintiff's forensic investigator, Daniel Arheidt, explained in his Declaration the efforts expended to identify the Doe Defendants. [DN 8-1 at 16–18 (Declaration of David Arheidt).]

Additionally, Plaintiff has pled the elements of a copyright infringement claim. Plaintiff alleges that the Doe Defendants copied and distributed *I.T.* without Plaintiff's permission and in violation of Plaintiff's exclusive rights in *I.T.* under the Copyright Act. [*See* DN 1 at 8.]

Moreover, the Rule 45 subpoenas that Plaintiff wishes to serve are likely to lead to the discovery of information that would allow Plaintiff to effectively serve the Doe Defendants. Specifically, Plaintiff states in its motion that each Doe Defendant subscribes to and obtains internet access from Comcast, and therefore that Comcast has the information necessary to

identify each Doe Defendant. [DN 8-1 at 2–3.]  Additionally, as Plaintiff only seeks to discover the subscriber names and contact information for each Doe Defendant, the Court finds that its discovery requests are sufficiently tailored to Plaintiff's limited goal of effectuating service on the Doe Defendants.

Finally, given the limited nature Plaintiff's proposed requests, the Court can discern no potential prejudice on behalf of the Doe Defendants. Therefore, the Court finds that Plaintiff has demonstrated the requisite good cause to serve limited discovery prior to the Rule 26(f) conference in this case, and Plaintiff's motion for leave to take discovery, [DN 8], is **GRANTED**.

CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Leave to Take Limited Discovery Prior to Rule 26(f) Conference, [DN 8], is **GRANTED**.  Specifically, Plaintiff is **GRANTED** leave to serve subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure, on Comcast to obtain the names, addresses, phone numbers, and email addresses of the persons or entities using the eleven (11) IP addresses listed in Exhibit B to the Complaint, [DN 1-2 at 1–4.]

**IT IS SO ORDERED**.


Date:
cc: Counsel